## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. HAMILTON, | |
| Plaintiff, | CIVIL ACTION NO. 4:14-CV-02248 |
| v. | (BRANN, J.)<br>(MEHALCHICK, M.J.) |
| NICOLE BROMLEY, et al., | |
| Defendants | |

## REPORT AND RECOMMENDATION

This is a civil action filed by *pro se* litigant, Harry E. Hamilton, appearing *in forma pauperis*.[1] For the reasons provided herein, it is recommended that Plaintiff's complaint (Doc. 1), be dismissed pursuant to 28 U.S.C. § 1915(e)(2), and the above-captioned case be closed.

### I.   BACKGROUND

Plaintiff Harry E. Hamilton, proceeding *pro se*, filed the instant civil rights action on November 24, 2014, seeking injunctive and declaratory relief against Nicole Bromley of the Centre County Office of Children and Youth Services, Judge Bradley Lunsford, the Director/Owner/Operator of Youth Haven, and John Doe Defendants. (Doc. 1). In his complaint, Hamilton alleges that the above-named Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments, as well as under the Child Abuse Prevention and Treatment Act, the McKinney-Vento Homeless Assistance Act, and the Runaway and Homeless Youth Act, by placing his minor child into shelter care during the pendency of a child abuse investigation involving the child's mother, rather than allow Plaintiff

---

[1] Plaintiff was granted leave to proceed *in forma pauperis*.

custody of his minor child. (Doc. 1, at 3).  He alleges that the Defendants failed to ensure that the shelter was a suitable environment for his minor child, as his minor child was subjected to "psychological and emotional abuse . . . by having [to] change clothing in front of incompletely covered windows, [and] causing [him] to endure inappropriate jokes and taunts," as well as required to share a living space with other residents "who made inappropriate statements" to him, and assigned daily responsibilities such as chores. (Doc. 1, at 4). He additionally alleges that the shelter refused to allow contact between Plaintiff and his minor child during the child's stay at the youth shelter.

The Court deferred screening this complaint for six months in light of Plaintiff's representations to the Court that he was in the process of retaining counsel to represent him in the instant matter. However, Plaintiff was unable to obtain counsel in the timeline provided by the Court.  On May 5, 2015, the Court conducted a telephone conference with the parties to determine the status of the instant action. (Doc. 21). It was revealed at that time that Plaintiff had obtained physical custody of his minor child pursuant to an ongoing child-custody dispute. Having heard from the parties at the teleconference, the Court entered a Show Cause Order on May 8, 2015, directing both parties to submit, on or before June 5, 2015, an affidavit, declaration, or other documentation addressing why the case should not be dismissed on abstention or mootness grounds. (Doc. 23).  On June 4, 2015, and June 5, 2015, the Defendants responded to the Show Cause Order.

## I.  SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard

applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon

which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, while a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "[*p*]*ro se* attorneys . . . typically cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Allegrino v. Conway E & S, Inc.,* No. 09–1507, 2010 WL 2035658, at *2 (W.D.Pa. May 18, 2010) (internal quotations omitted); *see also Heller v. Emanuel,* No. 07–1393, 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## II.   CLAIMS BROUGHT BY PLAINTIFF ON BEHALF OF HIS MINOR CHILD

Plaintiff, proceeding *pro se*, includes numerous allegations within his complaint that appear to seek vindication of his minor child's constitutional rights. Indeed, but for an allegation that Plaintiff was deprived of emergency custody of and contact with his minor child at the direction of the court throughout the duration of the minor's stay at a youth shelter pending the conclusion of an investigation into an incident of alleged child abuse involving the

minor child's mother, the complaint primarily sets forth specific factual allegations regarding injury that the Plaintiff's minor son allegedly endured while residing at the youth shelter.

To the extent that Plaintiff seeks relief on behalf of his minor child, Plaintiff, appearing *pro se*, is not permitted to represent other parties, including his minor children or other family members, in federal litigation. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (*pro se* litigant not permitted to represent his minor children); *Williams v. United States*, 477 Fed. App'x. 9, 11 (3d Cir. 2012) (per curiam) (plaintiff holding power of attorney under state law not permitted to represent her father *pro se* in federal litigation); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed.R.Civ.P. 17(c) and 28 U.S.C.A. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, see 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.").

Accordingly, the Court declines to liberally construe Plaintiff's complaint to assert any claims on behalf of the minor child. *See Norman v. Greenwood Cnty. Sch. Dist. 52*, No. CA 8:13-421-TMC-JDA, 2013 WL 1281926, at *2 (D.S.C. Mar. 4, 2013) *report and recommendation adopted*, No. CA 8:13-421-TMC, 2013 WL 1281922 (D.S.C. Mar. 26, 2013) (summarily dismissing a complaint filed by a *pro se* plaintiff asserting injuries suffered by minor child and advising plaintiff that "if, following summary dismissal of th[e] improperly brought case, [p]laintiff still wants to pursue [the minor child's] alleged constitutional claims, professional legal counsel must be obtained to represent the minor child in any such lawsuit"). Thus, this Court is left only with claims that Plaintiff brings in his own right.

### III.   *YOUNGER* ABSTENTION

It appears from the complaint and the facts provided by Defendants in response to this Court's Show Cause Order, that Plaintiff seeks to challenge the pending state court proceedings regarding his parental rights, particularly with respect to the court's refusal to allow the minor child to reside with the Plaintiff pending resolution of a child abuse investigation involving the minor child's mother.  However, this Court does not have jurisdiction to hear such a claim. Indeed, to the extent Plaintiff's complaint challenges the pending state court proceedings regarding his parental rights, the Court must abstain from entertaining that challenge under *Younger v. Harris,* 301 U.S. 37 (1971). Under *Younger,* abstention is proper if: (1) there is an ongoing state proceeding; (2) the proceeding implicates an important state interest; and (3) the state proceeding affords the plaintiff an adequate opportunity to raise federal claims. *Dixon v. Kuhn*, 257 Fed.Appx. 553, 555 (3d Cir. 2007) (citation omitted). "The *Younger* doctrine is based on comity and the notion that comity makes it undesirable to permit a party access to a federal court when he is currently involved in state proceedings where he can secure an adjudication of his constitutional claim." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 844 (3d Cir. 1996).

With respect to the first prong, at the time Plaintiff filed the above-captioned matter, there was, and continues to be, an ongoing child-custody proceeding in state court. *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 623 (E.D. Pa.) *aff'd,* 572 F. App'x 68 (3d Cir. 2014)(quoting *Stefanov v. Ross,* No. 12–0472, 2013 WL 3754819, at *5 (M.D. Pa. July 15, 2013) ("It is reasonable to conclude that custody proceedings must also be viewed as a whole, rather than as individual, [discrete] hearings."). Indeed, a child custody hearing is scheduled for June 18, 2015. (Doc. 24-1, at 2). Accordingly, the first prong is clearly met.  With respect to the second prong, child-

custody proceedings implicate compelling state interests. *Jones v. Pa. Dep't of Pub. Welfare,* No. CIV.A. 03-CV-3610, 2004 WL 1175808, at *4 (E.D. Pa. May 27, 2004) (citing *Judice v. Vail,* 430 U.S. 327 (1977) (holding that states have important interest in the law of domestic relations under the second prong of the *Younger*-abstention test); *see also Sheils v. Bucks Cnty. Domestic Relations Section,* 921 F. Supp. 2d 396, 411 (E.D. Pa. 2013) ("[T]here can be no doubt that child support-related proceedings are quintessential 'domestic relations [proceedings that] are traditionally the domain of state courts' . . . thus implicating important state interests."). Thus, the second prong is met. With respect to the third prong, Plaintiff certainly could raise federal constitutional objections in a state court child-custody proceeding. *See Mikhail v. Kahn,* 991 F. Supp. 2d 596, 629 (E.D. Pa.) *aff'd,* 572 F. App'x 68 (3d Cir. 2014) (quoting *Lui v. Comm'n on Adult Entm't Establishments,* 369 F.3d 319, 326 (3d Cir. 2004) ("Absent some showing of a procedural defect, the presumption is that '[s]tate courts are every bit as competent to deal with the [plaintiff's] claims . . . as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution."). Indeed, "[t]here is no bar in custody proceedings to a parent's raising his federal constitutional rights. In fact, Pennsylvania courts have entertained such claims in custody cases." *Mikhail,* 991 F. Supp. 2d at 629; *see also Schmehl v. Wegelin,* 927 A.2d 183, 187 (2007) (addressing an equal protection challenge); *Everett v. Parker,* 889 A.2d 578, 580 (Pa. Super. Ct. 2005) (addressing a due process challenge); *Luminella v. Marcocci,* 814 A.2d 711 (Pa. Super. Ct. 2002) (addressing a Fourth Amendment claim); *Jackson v. Garland,* 622 A.2d 969, 971 (1993) (addressing Fourteenth Amendment claim). Accordingly, the third requirement is satisfied.

Finally, this Court must evaluate whether an exception to the *Younger* doctrine applies here. The Third Circuit has established that:

> Even when the[ ] three [*Younger*] requirements are met, it is inappropriate to abstain . . . if the plaintiff establishes that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.

*Schall v. Joyce,* 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex Cnty. Ethics Comm.,* 457 U.S. 423, 435 (1982)). These exceptions have been "narrowly construed." *Loftus v. Township of Lawrence Park,* 764 F.Supp. 354, 357 (W.D. Pa. 1991). Indeed, other courts have recognized that the "Supreme Court has only applied this exception upon a showing that the federal plaintiff 'cannot adequately assert [his] claims because of an unavailable or biased state forum.*"* *Pappas v. Twp. of Galloway,* 565 F. Supp. 2d 581, 590 (D.N.J. 2008) (citing *Safe Haven Sober Houses, LLC v. City of Boston,* 517 F.Supp.2d 557, 562–63 (D.Mass.2007) (citing *Dombrowski v. Pfister,* 380 U.S. 479, 482 (1965)); *Carroll v. City of Mount Clemens,* 945 F.Supp. 1071, 1075 (E.D. Mich. 1996) (citing *Juidice v. Vail,* 430 U.S. 327 (1977)). Here, Plaintiff has failed to allege that his custody or child support proceedings were initiated in bad faith or to harass. Moreover, Plaintiff has failed to allege the "existence of any extraordinary circumstances which would prevent this Court from deferring to the state court proceedings." *Van Tassel v. Lawrence Country Domestic Relations Section,* No. CIV. A. 09-266, 2009 WL 2588815, at *5 (W.D. Pa. Aug. 19, 2009). Accordingly, this Court recommends dismissal of Plaintiff's claims for injunctive and declaratory relief on the basis that the *Younger* doctrine requires abstention.[2]

---

[2] While Defendants argue in their response to this Court's Show Cause Order, that Plaintiff's claims for injunctive and declaratory relief are moot because Plaintiff received physical custody of the minor child as of February 2, 2015, (*See* Doc. 26, at 5; Doc. 26-5, at 1), this Court is unable to make such a determination at this time given the nature of state court proceedings with respect to child custody matters, and "given the nature of the parental conduct that necessitated placement of [the minor child] in the . . . custody of [Youth Haven, as] there is

IV.   **LEAVE TO AMEND**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, it is clear that amendment would be futile with respect to Plaintiff's claims for injunctive and declaratory relief against the above-named Defendants. It is therefore recommended that Plaintiff be denied leave to further amend his complaint.

V.   **RECOMMENDATIONS**

Based on the foregoing, it is recommended that:

1.  All claims for injunctive and declaratory relief be **DISMISSED**, as the *Younger* doctrine requires abstention;

2.  The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: June 15, 2015**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

a reasonable possibility that [the minor child] and his parents will once again be faced with the restrictions . . . that are the subject of this lawsuit." *Winston by Winston v. Children & Youth Servs. of Delaware Cnty.*, 948 F.2d 1380, 1384 (3d Cir. 1991). Nevertheless, as this child-custody dispute is subject to ongoing state proceedings, the *Younger* doctrine requires this Court to recommend dismissal of the action by reason of abstention.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

HARRY E. HAMILTON,

                  Plaintiff,

      v.

NICOLE BROMLEY, et al.,

                Defendants

CIVIL ACTION NO. 4:14-CV-02248

(BRANN, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 15, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 15, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**